UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BILECKI, Personal
Representative of the Estate of
DOROTHY SOLKA, Deceased

      Plaintiff,

v.

MATHER INVESTORS, LLC d/b/a
MATHER NURSING CENTER; and
MATHER HEALTHCARE, LLC d/b/a
MATHER NURSING CENTER,

      Defendants.
                                         /

File No. 2:08-CV-1

HON. ROBERT HOLMES BELL

## **OPINION AND ORDER**

This matter is before the Court on a motion to dismiss, or in the alternative for a more definite statement, filed by Defendant Mather Investors, LLC, pursuant to rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure. (Dkt. No. 8.)

Plaintiff filed a complaint in January of 2008 alleging that Defendants conduct business as "Mather Nursing Center" and that the negligence of the agents and employees of Mather Nursing Center resulted in the death of Ms. Dorothy Solka. On March 20, 2008, Defendant Mather Investors, LLC, filed the foregoing motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. Fed. R. Civ. P. 8(a). A plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

An action may be dismissed pursuant to Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

Defendant contends that the complaint "appears to sound in some form of medical malpractice as, other than the statement of diversity, there is no other statutory authority stated in the Complaint for bringing this cause of action." (Dkt. No. 8, Mot. to Dismiss 2.) However, a complaint need not set forth the legal theory that it relies upon. *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 908 (7th Cir. 2005); *Knapp v. City of Columbus*, 93 Fed. Appx. 718, 720 (6th Cir. 2004) (unpublished) ("'The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters.'") (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988)). In any

event, the complaint itself indicates that Plaintiff's asserted basis for relief is the "ordinary negligence of the defendant's agents and employees." (Dkt. No. 1, Compl. 5.)

Defendant also contends that it is not logical to believe that both Defendants were responsible for operation of the Mather Nursing Center facility and employment of "all of the nurses and caregivers" at the facility. In evaluating a motion to dismiss under Rule 12(b)(6) the court must "construe the complaint in the light most favorable to the nonmoving party, [and] accept the well-pled factual allegations as true." *Commercial Money Ctr.*, 508 F.3d at 336. The specific roles and responsibilities of the individual defendants is a factual matter subject to further adjudication; the evidence may show that one or both of the Defendants is accountable for some or all of individuals involved in the circumstances complained of.

Defendant has also requested that the Court order Plaintiff to provide a more definite statement, pursuant to Fed. R. Civ. P. 12(e), which allows a party to move for a more definite statement of a pleading that "is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.* The motion under Rule 12(e) "must point out the defects complained of and the details desired." *Id.* Defendant asks the Court to order Plaintiff to "provide a more definite statement delineating the claims alleged against each individual defendant." (Dkt. No. 8, Mot. to Dismiss 3.) Though much of Plaintiff's complaint refers to the actions of the agents and employees of "Mather Nursing Center" or "defendant," without distinguishing between the two Defendants, the Court also notes that the complaint

3

alleges that each of the Defendants conducts business as "Mather Nursing Center" and operates the nursing home in Ishpeming, Michigan. The Federal Rules of Civil Procedure do not require a plaintiff to make separate statements against each individual defendant. *Thomas v. Luzerne County Correctional Facility*, 310 F. Supp. 2d 718, 721 (M.D. Pa. 2004); *cf.* Fed. R. Civ. P. 8, 10.

In consideration of the foregoing, the Court finds that Plaintiff's complaint is sufficiently pled under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure to survive dismissal under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mather Investors, LLC's motion to dismiss or for a more definite statement (Dkt. No. 8) is **DENIED**.

Dated: September 22, 2008                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE